BOREY v. MANNO

(March 7, 1932. Opinion and Decree.)

Chas. I. Denechaud and Ernest J. Robin, of New Orleans, attorneys for plaintiff, appellee.

Harry M. Mayo, Jr., of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff is a retail florist. His delivery truck, while it was being driven by an authorized employee, sustained injury in a collision with a much larger truck owned and operated by defendant. He claims $135 damages, $99 of which he alleges was expended in repairing and repainting the truck, and the balance he avers was the cost of hiring, for six days, another truck to substitute for his own while the latter was being repaired and repainted.

Judgment was rendered in the court below for the full amount prayed for, and defendant appeals.

Both trucks were proceeding on Banks street, which street has two driveways separated by a neutral ground. The truck of defendant was being driven near the right or sidewalk side of the driveway, and that of plaintiff proceeding in the same direction near the neutral ground, the former being some twenty or thirty feet ahead of the latter.

On the question of negligence, the disputed point is whether defendant's truck, the driver of which intended turning to the left into Murat street, was driven suddenly across the path of the other truck, or whether the left turn was not executed until the truck had been first driven to the left alongside of the neutral ground and ahead of plaintiff's truck.

Under the pertinent provisions of the city traffic ordinance, an automobile driver who is proceeding along the right-hand side of the road and who intends turning to the left must first cross to the left side before attempting to turn. C. C. S., No. 7490, art. 1, sec. 4, par. (c).

That defendant did not do this is best evidenced by his own statement that on account of the size and length of his truck he found it necessary, in order to turn to his left, to remain near the right-hand curb, so that the radius of the arc, the perimeter of which he intended to follow in making the turn, might be as long as possible. It may be that this, as he says, was necessary, but, if so, then it was his duty to take all possible precaution before turning to make certain that any one else following might not be misled by his position on the far right of the road into believing that no left turn was contemplated. True enough, defendant testified that he took every such precaution by holding out his hand and by looking back to see that no other vehicle was following, but his testimony that he saw no such vehicle shows clearly that his looking back either was a fiction of his imagination or was carelessly performed, since it is quite evident that plaintiff's truck was following him only a few feet away and was visible and could have been seen by any one who really looked.

That defendant made the turn carelessly, in that his truck was driven by him suddenly across the path of plaintiff's truck, seems certain, and it follows that unless, in spite of such carelessness, plaintiff's driver could, by the exercise of proper precaution, have avoided the collision, then the responsibility for the loss by plaintiff must be placed at defendant's door.

It is charged by defendant that out of his own mouth plaintiff's driver convicted himself of negligence when he testified that he did not see defendant's truck in the roadway ahead until he was about twenty

or thirty feet from it. We find that plaintiff's driver did so testify, and we cannot fail to hold that it is negligence for an operator of one vehicle to overlook another in the roadway ahead of him until reaching a point so close to it as to render a stop by him impossible. But a reading of the testimony of plaintiff's driver shows that a proper interpretation of his statement, referred to above, is not that he did *not see the other truck, but that he gave* it no consideration because it was proceeding on the right-hand side of the road, while he was on the left, and because it was not in his path and would have been of no interest to him at all whether it was a whole square ahead of him or only a few feet away, had it not suddenly turned into his path. It was only when it was twenty or thirty feet away that it made this turn across the course in which he was driving, and it was then *too late for him to* stop. Plaintiff's driver then was not guilty of contributory negligence.

We are asked, if we come to a consideration of the quantum, to bear in mind the fact that the repairs were not made immediately, and that plaintiff is rather confused as to just when the said work was performed. It is said that some two months or more elapsed between the date of the accident, and the time at which the repairs were made, and that during that time the truck may have sustained other injuries in other accidents. The evidence is convincing that no such other accidents occurred and that only damage caused in the particular accident was sued for.

The truck of plaintiff was comparatively new, and, since it was considerably scratched by the overhanging side of the other truck, it is not surprising that it required repainting and that plaintiff's name and address, etc., on the side needed re-

lettering. The nature of the business carried on by plaintiff and the requirements of the persons with whom he deals are such that a neat looking delivery truck is quite necessary. The amount expended does not seem to us excessive.

Since plaintiff needed a truck in his business, and since he has testified that he actually hired another while his own was not available to him, he is entitled to recover the amount of such hire. See Blashfield's Enc. of Automobile Law, vol. 2, p. 2004; 32 A. L. R. 706.

The judgment appealed from is affirmed.